# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      Plaintiff,

-vs-                                       Case No. 09-CR-242
                                                    15-C-101

**SCOTT ROBERT JESION, Jr.,**

      Movant.

## DECISION AND ORDER

On April 23, 2010, Scott Robert Jesion pled guilty to one count of conspiracy to distribute heroin resulting in serious bodily injury or death. The Court imposed the 20-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(C).

In 2014, the Supreme Court held that § 841(b)(1)(C) applies only where the government proves knowing or intentional distribution of a controlled substance and death caused by the use of that drug. *Burrage v. United States*, 134 S. Ct. 881, 887 (2014). On the latter element, "where the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision … unless such use is a but-for cause of death or injury." *Id.* at 892. This holding overruled

the law in the Seventh Circuit, which previously applied the penalty enhancement upon a showing that the drug was a "contributing cause" of the victim's death or serious bodily injury. *See, e.g., United States v. Krieger*, 628 F.3d 857 (7th Cir. 2010).

Jesion moves for relief under 28 U.S.C. § 2255. Jesion's motion is timely because it was filed within one year of the Supreme Court's decision in *Burrage*, § 2255(f)(3), and the government is not asserting "non-retroactivity" as a defense in this case. For the Court's purposes, this is enough to reach the merits of Jesion's motion. *See Day v. McDonough*, 547 U.S. 198, 210 n.11 (2006) (where the government "intelligently choose[s] to waive a statute of limitations defense," the district court is "not at liberty to disregard that choice"). Similarly, the government is not pursuing procedural default as a defense, conceding that Jesion is "actually innocent" and therefore excused from his failure to raise the issue on direct appeal. *See Barreto-Barreto v. United States*, 551 F.3d 95, 98 (1st Cir. 2008) ("procedural default is an affirmative defense [which] the government may lose … by neglecting to raise it in response to a habeas petition").

As to the merits, the government concedes it cannot prove that heroin was a "but for" cause of the two deaths at issue in this case. Therefore, Jesion's motion to vacate, set aside, or correct his sentence is

**GRANTED**. The parties should contact the Court's scheduling clerk to set a date for re-sentencing.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2015.

**SO ORDERED:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**